UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SELECT OILFIELD SERVICES, LLC** | **CIVIL ACTION NO.: 2:23-cv-02431** |
| **VERSUS** | **SECTION:** |
| | **JUDGE:** |
| **TOTAL MARINE SERVICES OF JEFFERSON, INC.** | **MAGISTRATE JUDGE:** |

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Select Oilfield Services, LLC ("Select"), the owner of the S/B DRAKE, and for its original Complaint against Total Marine Services of Jefferson, Inc. ("TMS") avers as follows:

**PARTIES**

**1.**

Plaintiff, Select, is a limited liability company, organized and existing under and by virtue of the laws of the State of Louisiana, with its principal place of business in Belle Chase, Louisiana. Select's sole member is a domiciliary of the State of Florida. For the purposes of diversity jurisdiction, Select is a citizen of the State of Florida.

**2.**

Defendant, TMS, is a business corporation, incorporated and existing under and by virtue of the laws of the State of Louisiana. TMS' principal place of business is located in Harvey, Louisiana. For the purposes of diversity jurisdiction, TMS is a citizen of the State of Louisiana.

## JURISDICTION AND VENUE

**3.**

This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship amongst the parties and given that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Honorable Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1333 as it is a case of admiralty or maritime jurisdiction. To the extent necessary, the Court also has supplemental jurisdiction under 28 U.S.C. § 1367.

**4.**

Venue is proper in the United States District Court for the Eastern District of Louisiana, including, but not limited to, under 28 U.S.C. §1391(b) on the grounds that TMS resides in this District and that a substantial part of the events or omissions by TMS giving rise to Select's claim occurred in this District.

## FACTUAL BACKGROUND

**5.**

Select provides oilfield production related services in the energy market and owns and operates a fleet of vessels. At all times pertinent to this cause, Select is and has been the owner of the S/B DRAKE, a self-propelled spud barge. Select charters and uses the S/B DRAKE in the performance of its work and services.

**6.**

Under a vessel repair agreement between Select and TMS, TMS agreed to furnish labor and materials and to perform certain repairs to the S/B DRAKE at TMS' facility located in Jefferson Parish, Louisiana.

**7.**

TMS' repair work to the S/B DRAKE commenced on or about April 4, 2022. However, during the performance of these repairs, and through no fault of Select, on or about April 25, 2022, TMS through its acts and/or omission caused and/or allowed the S/B DRAKE to catch fire at its facility in Jefferson, Louisiana, causing substantial damage to the S/B DRAKE ("Incident").

**8.**

After the Incident, the S/B DRAKE was then relocated to the Superior Shipyard and Fabrication, Inc. ("Superior") shipyard, located in Golden Meadow, Louisiana, to undergo repairs, including repairs directly related to the substantial fire damage caused to the S/B DRAKE as a result of the Incident.

**9.**

The fire-related damage repairs to the S/B DRAKE being performed by Superior and that were directly related to and caused by the Incident were completed no earlier than May 31, 2023; and the S/B DRAKE has only recently been returned to Select.

**10.**

The S/B DRAKE was detained for over one year as a direct result of the Incident, rendering the S/B DRAKE unavailable for hire and for use, causing substantial damages to Select, including, but not limited to, the loss of use and hire of the S/B DRAKE.

**11.**

In addition to the above, in excess of $12,000.00 in certain materials owned by Select, including paint, replacement manhole covers, iron plates and flat bars, and other materials are being unlawfully withheld from Select by TMS, whereby approximately six months ago, a representative of Select was refused by TMS to obtain Select's materials, which, upon information

and belief, remain in the possession and control of TMS as of the date of this filing. Select has demanded the return of its property from TMS to no avail.

## COUNT ONE – BREACH OF THE VESSEL REPAIR CONTRACT

**12.**

Paragraphs 1 - 11 of the Complaint are incorporated herein by reference as if restated herein *in extenso*.

**13.**

The Incident was caused or contributed to by TMS (including its management, managing agents, supervisors, employees, officers, agents, and/or servants for whom TMS is responsible) in the following non-exclusive respects: breach of the vessel repair contract, including, but not limited to, TMS' breach of the implied duty of workmanlike performance in TMS' failure to use the degree of care, diligence, attention, and/or skill adequate to perform the repairs contracted for.

**14.**

Select is entitled to damages that it has and/or will further incur as a result of TMS' breach of the vessel repair contract, including, but not limited to, loss of use, revenue, overhead, profit, and/or hire with respect to the S/B DRAKE that well exceed amount in controversy requirement under 28 U.S.C. § 1332, no part of which has been paid by TMS despite amicable demand by Select, and for any other costs, expenses, attorneys' fees, or damages that may be proven at trial. Select reserves the right to amend and/or supplement its Complaint as other and further damages may become known.

## COUNT TWO – NEGLIGENCE, GROSS NEGLIGENCE, AND/OR FAULT OF TMS

**15.**

Paragraphs 1 - 14 of the Complaint are incorporated herein by reference as if restated herein *in extenso*.

**16.**

The Incident was caused or contributed to by the negligence, gross negligence, and/or fault of TMS (including its management, managing agents, supervisors, employees, officers, agents, and/or servants for whom TMS is responsible) in the following non-exclusive respects: the negligent performance of the vessel repair contact; the failure to keep proper watch; the failure to adequately train TMS' workers (or those under TMS' control) performing the work; violations of applicable statutes, rules, and regulations; and/or other acts or omissions of negligence or gross negligence as may be identified in discovery.

**17.**

Select is entitled to damages that it has and/or will further incur as a result of TMS' breach of its duties, including, but not limited to, loss of use, revenue, overhead, profit, and/or hire with respect to the S/B DRAKE that well exceed amount in controversy requirement under 28 U.S.C. § 1332, no part of which has been paid by TMS despite amicable demand by Select, and for any other costs, expenses, attorneys' fees, or damages that may be proven at trial. Select reserves the right to amend and/or supplement its Complaint as other and further damages may become known.

## COUNT THREE – CONVERSION AND/OR FOR RETURN OF SELECT'S PROPERTY

**18.**

Paragraphs 1 - 17 of the Complaint are incorporated herein by reference as if restated herein *in extenso*.

**19.**

Notwithstanding Select's demand for the return of its movable property being unlawfully withheld by TMS, including Select's paint, replacement manhole covers, iron plates and flat bars, and other materials, TMS, in an unauthorized manner, has intentionally refused to return the subject property into Select's possession.

**20.**

As a result of the TMS' unauthorized retention of Select's movable property, Select has and/or will incur damages, including, not limited to, loss of value of the property being unlawfully withheld from Select, to which Select demands the immediate return of the retained movable property and/or monetary damages equal to the fair market value of the property detained and for any other costs, expenses, attorneys' fees, or damages that may be proven at trial. Select reserves the right to amend and/or supplement its Complaint as other and further damages may become known.

**JURY DEMAND**

**21.**

Select demands a jury on all counts to which it is entitled to trial by jury in accordance with applicable law.

**PRAYER FOR RELIEF**

**WHEREFORE**, the premises considered, Plaintiff, Select Oilfield Services, LLC, prays that this Complaint be deemed good and sufficient and that, after due proceedings are had, there be judgment in favor of Plaintiff, Select Oilfield Services, LLC, and against Defendant, Total Marine Services of Jefferson, Inc., in the following respects:

(1) Finding that Total Marine Services of Jefferson, Inc., breached the vessel repair contract between Total Marine Services of Jefferson, Inc., and Select Oilfield Services, LLC, including, but not limited to, by breaching the implied warranty of workmanlike performance, and is liable to Select Oilfield Services, LLC, for the loss of use, revenue, overhead, profit, and/or hire with respect to the S/B DRAKE and for all other resulting damages caused or contributed to by Total Marine Services of Jefferson, Inc.'s breach of the vessel repair contract;

(2) Finding that Total Marine Services of Jefferson, Inc., was negligent, grossly negligent, and/or at fault and breached, and is liable to Select Oilfield Services, LLC, for the loss of use, revenue, overhead, profit, and/or hire with respect to the S/B DRAKE and for all other resulting damages caused or contributed to by Total Marine Services of Jefferson, Inc.'s breach of its duties and the applicable standard of care owed to Select Oilfield Services, LLC;

(3) Recognizing Select Oilfield Services, LLC, as the owner of the movable property being unlawfully detained by Total Marine Services of Jefferson, Inc., and finding that Total Marine Services of Jefferson, Inc., must return and deliver such movable property to Select Oilfield Services, LLC, or, alternatively, that Total Marine Services of Jefferson, Inc., is liable to Select Oilfield Services, LLC, in the form of a money judgment equal to the fair market value of the property being detained by Total Marine Services of Jefferson, Inc.; and

(4) Awarding Select Oilfield Services, LLC, all other costs, expenses, damages, attorneys' fees, or other relief that is just and proper as the cause may require.

**[SIGNATURE ON FOLLOWING PAGE]**

        */s/ Jacob A. Altmyer*
Gavin H. Guillot, T.A. (#31760)
Jacob A. Altmyer (#36352)
PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Gavin.Guillot@pjgglaw.com
Jacob. Altmyer@pjgglaw.com
**COUNSEL FOR SELECT OILFIELD SERVICES, LLC**